FILED
09/06/2023
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Greg Owens
DV-16-2023-0000842-PI
McElyea, Rienne H.
1.00

Mark M. Kovacich
Ross T. Johnson
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 761-5595

Thomas J. Murphy
Matthew J. Murphy
MURPHY LAW FIRM
P.O. Box 3226
Great Falls, MT 59403
(406) 452-2345

Attorneys for Plaintiff

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

_____

| | | |
|---|---|---|
| LEQUIS VASQUEZ FIGUEROA, | ) | CAUSE NO. DV-16-2023-0000842-PI |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| JAWC, LLC; WILLIAMS HOMES, INC., a California Corporation for Profit; and DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

COMES NOW Plaintiff, demanding trial by jury, and for his complaint against Defendants, alleges as follows:

## PARTIES

### 1.

Plaintiff, Lequis Vasquez Figueroa, currently resides in Montana.

**2.**

Defendant JAWC, LLC (hereinafter "JAWC"), is a for profit business entity organized under the laws of the State of Montana, and registered to do business in the State of Montana.

**3.**

Defendant Williams Homes, Inc., is a for profit California corporation which is registered to do business in Montana. Defendant Williams Homes, Inc., is primarily based in California, but has expanded its real estate development enterprise to include Montana property.

**4.**

The true names and capacities of Defendants named herein as Does 1-10 are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to state the true names and capacities of Does 1-10 when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions. Defendant Does 1-10 are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## GENERAL ALLEGATIONS

**5.**

On February 3, 2023, Plaintiff was working on a construction site being developed by Defendant contractor Williams Homes, Inc., in Gallatin County, Montana, known as WH

Bridger Vale. On that date, Plaintiff was seriously and permanently injured when an improperly attached roof truss fell onto him, forcing him off of the roof and causing him to fall from a significant height. Plaintiff sustained significant mental and physical injuries as a result of the fall including, but not limited to, multiple fractures in both ankles and feet and knee injuries for which he has had multiple surgeries. As a result of this injury, Plaintiff was unable to walk and forced to use a wheelchair. Plaintiff has suffered significant and permanent damages stemming from this catastrophic event.

**6.**

Williams Homes, Inc., was named the contractor responsible for developing the WH Bridger Vale project.

**7.**

Williams Homes, Inc., then sub-contracted work on the WH Bridger Vale project to JAWC.

**8.**

At the time of the incident, the property and equipment on which the residence was being constructed was not maintained in a reasonably safe condition.

**9.**

The work Plaintiff's employer was hired to perform, including the work Plaintiff was performing at the time of the incident, constituted inherently dangerous activity under Montana law.

**10.**

Defendants assumed responsibility for safety and accident prevention on the subject project, pursuant to contract and based on the manner in which they controlled, and maintained the right to control, the work at the site.

**11.**

Defendants had a non-delegable duty to provide Plaintiff with a safe place to work, with safe job supervision, and with reasonably safe tools and equipment with which to do the work.

**12.**

Defendants were aware, or should have been aware, that the work being performed at the time of Plaintiff's injury created a peculiar risk of physical harm to Plaintiff and other workers, unless special precautions were taken. Defendants failed to ensure that special precautions were taken to prevent physical harm to Plaintiff.

**13.**

The manner in which the work was conducted and the trusses erected was unsafe.

**14.**

Each act of negligence or wrongful conduct alleged herein was committed by an employee or agent of Defendants, who was acting within the course and scope of his or her employment or agency with Defendants, and in furtherance of the business interests of Defendants, and each negligent or wrongful act or omission alleged herein is imputable to Defendants.

## **FIRST CAUSE OF ACTION**

**(Negligence)**

**15.**

Plaintiff realleges paragraphs 1 through 14 of the General Allegations and adopts the same as if fully set forth in this First Cause of Action.

**16.**

Defendants had duties to exercise reasonable care in the manner in which they conducted, controlled, and managed work performed on the project. Defendants' duties included duties to exercise care for the safety of others working at the jobsite, including Plaintiff.

**17.**

Defendants breached their duties by the manner in which they conducted, controlled, and managed work performed on the project. Defendants' negligence in addition to that herein alleged, consisted of:

A. Failing to properly inspect and maintain the construction site;

B. Failing to provide safety training or consultation to contractors and workers on the project;

C. Failing to provide adequate supervision for the job and failing to properly supervise safety on the job;

D. Failing to provide and/or require the use of safety devices or procedures which could have prevented Plaintiff's injuries;

E. Failing to ensure, through contract or otherwise, that special precautions were taken to prevent physical harm to Plaintiff;

F. Failing to maintain the construction site and associated equipment in a reasonably safe condition; and,

G. Violating applicable safety laws and regulations.

**18.**

As a result of Defendants' negligence, Plaintiff suffered serious injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION

### (Violation of § 50-71-201, MCA)

**19.**

Plaintiff realleges paragraphs 1 through 18 of the First Cause of Action and adopts the same as if fully set forth in this Second Cause of Action.

**20.**

At the time of Plaintiff's injuries as herein alleged, Defendants failed to provide him with a safe place to work and with reasonably safe tools and equipment with which to do the work, all in violation of § 50-71-201, MCA.

**21.**

As a result of Defendants' violation of § 50-71-201, MCA, Plaintiff suffered serious and permanent injuries and damages as herein alleged.

## DAMAGES

**22.**

As a result of Defendants' negligence and unlawful and wrongful conduct as herein alleged, Plaintiff has incurred and will continue to incur substantial medical expenses; he has experienced and will continue to experience physical and mental pain and suffering; he has suffered and will continue to suffer a loss of his personal services; and he has suffered and will continue to suffer a loss of his established course of life.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For reasonable compensation for past and future medical and related expenses;

2. For reasonable compensation for Plaintiff's physical and mental pain and suffering;

3. For reasonable compensation for Plaintiff's loss of enjoyment of established course and way of life;

4. For reasonable compensation for Plaintiff's loss of personal services;

5. For reasonable compensation for loss of consortium;

6. For reasonable compensation for all other general or special damages to be established at trial, not including loss of earnings or earning capacity;

7. For pre and post-judgment interest at the highest rate allowable by law;

8. For costs and disbursements incurred herein; and,

9. For such other and further relief as the Court may deem just.

DATED this 6th day of September, 2023.

        KOVACICH SNIPES JOHNSON, P.C.
        and
        MURPHY LAW FIRM

        BY:   /s/ Ross T. Johnson
            Ross T. Johnson
            P.O. Box 2325
            Great Falls, MT  59403
            Attorneys for Plaintiff